# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Trieste Enterprises Inc., § § § Plaintiff, § § CIVIL ACTION NO.: vs. § § IN ADMIRALTY, Rule 9(h) Ducat Maritime Ltd., § § Defendant, § § and § § GoDaddy.com, LLC § § Garnishee. § | |

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Trieste Enterprises Inc. ("Trieste") brings this action against Ducat Maritime Ltd. ("Ducat") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issuance of process of maritime attachment and garnishment including against Garnishee and states as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because Garnishee can be found in this District, within the meaning of Supplemental Rule B, and/or can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District, namely, one or more website and e-mail accounts and/or other property or assets held by Garnishee.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

5. Trieste further brings this action pursuant to the Federal Arbitration Act, 9 U.S.C. §8 to assist and to obtain security for London maritime arbitration that Trieste has initiated pursuant to the charter party for the M/V SOFIA between Trieste and Ducat, as more fully set out herein.

## The Parties

6. Trieste is a company organized under the laws of Liberia and at all relevant times was the registered owner of the M/V SOFIA, IMO IMO 9472086 ("Vessel").

7. Ducat is a Cyprus company and was at all relevant times the charterer of the Vessel.

8. Garnishee GoDaddy.com LLC is an entity with offices or agents located in this District which, on information and belief as detailed below, Trieste reasonably believes holds accounts or property of and/or owing to Ducat.

## Facts

9. Trieste chartered the Vessel to Ducat (the "Charterers") under an amended New York Produce Exchange ("NYPE") 1946 form charter dated July 26, 2023 (the "Charterparty") for a single time charter trip via Thailand (Kohsichang) to West Africa including Cotonou, Benin, with bulk rice / bagged rice ("Cargo"). The Vessel was chartered to call in West Africa ports.

10. The Charterparty provides for London maritime arbitration. Trieste has initiated the London maritime arbitration and that arbitration proceeding.

11. There were delays in loading the Vessel at Thailand and when the Vessel arrived at Cotonou, Benin, there were delays with discharge of the Cargo and the Vessel otherwise, but no delay due to the fault of Trieste.

12. The Charterparty as Ducat agreed, required Ducat to pay daily hire to Trieste in the amount of US$ 8,000 for the first 75 days and US$ 9,500 for the remainder of the Charterparty until the Vessel's redelivery. In breach of the Charterparty, Ducat has failed to pay hire in the amount of US$ 37,240.00 to Trieste which is due since 9th November, when the Vessel was redelivered.

13. The Charterparty as Ducat agreed requires Ducat's payment including any extra expenses including but not limited to crew bonus, additional premia of insurances, security guards, escort boat and other precautions related to piracy for sailing / drifting / transiting Gulf of Guinea, as well as any applicable Additional War Risk Premiums / Loss of Hire / Kidnap and Ransom insurance premiums concerning the Vessel's call at Cotonou.

14. Ducat caused the Vessel to be loaded with the Cargo at Kohsichang, Thailand before the sailing to West Africa, and the loading involved a prolonged stay at Kohsichang for an excess of thirty (30) days. Visas for the crew members expired and had to be extended, a direct consequence of Ducat's orders to remain at Kohsichang for a period exceeding thirty (30) days, contrary to Ducat's initial orders, according to which the stay at Kohsichang would not exceed thirty (30) days.  Ducat also therefore owes Trieste the costs of visa renewal, in accordance with Trieste's implied indemnity for following Ducat's orders.

15. The Vessel remained in the Gulf of Guinea war risk area for almost 40 days, entailing further charges as the Charterparty Ducat to pay Trieste, including, for marine fuel ("bunkers") consumed but not paid for, Additional War Risk Premium, Loss of Hire, and Kidnap and Ransom insurance premiums.

16. The Charterparty also provided for Trieste to appoint a marine surveyor to perform a precondition and tally survey at the loading port

Kohsichang, Thailand with the relevant cost to be split 50/50 between Ducat and Trieste; Ducat has failed further to pay for the survey fees and expenses.

17. The Charterparty further requires Ducat to pay 50% of the costs of cleaning the cargo hold of the Vessel after discharge, however, Ducat also failed to pay this agreed 50% of cleaning costs.

18. Trieste made demand for the Charterparty amounts Ducat failed to pay, and although Ducat paid some of those it still has failed to pay Charterparty amounts due, which total at least $77,971.15.

## Count I – Breach of Maritime Contract

19. Trieste incorporates the foregoing paragraphs as if fully set forth herein.

20. Ducat breached the Charterparty when it refused to pay hire due under the Charterparty as well as the additional costs and expenses, as set out above. Despite repeated demands and reminders, Trieste remains unpaid without justification.

21. Trieste therefore demands judgment, as set forth more fully below.

## Count II – Process of Maritime Attachment and Garnishment (Rule B)

22. Trieste incorporates the foregoing paragraphs as if fully set forth herein.

23. Trieste seeks issuance of process of maritime attachment and garnishment so that it may obtain payment for the amounts due from Ducat.

24. No security for Trieste's claims has been posted by Ducat, or anyone acting on its behalf, to date.

25. Ducat cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to GoDaddy.com LLC.

26. In particular, Ducat maintains its website, and by information and belief, e-mail servers and other means of holding and processing, with GoDaddy.com LLC:

> Domain Name: ducatmaritime.com
> Registry Domain ID: 1905402376_DOMAIN_COM-VRSN
> Registrar WHOIS Server: whois.godaddy.com
> Registrar URL: https://www.godaddy.com
> Updated Date: 2023-03-02T04:46:38Z
> Creation Date: 2015-02-25T03:30:05Z
> Registrar Registration Expiration Date: 2033-02-25T03:30:05Z
> Registrar: GoDaddy.com, LLC
> Registrar IANA ID: 146

**Prayer for Relief**

WHEREFORE, Trieste prays:

      A.    That, in response to Count I, the Court enter judgment against Ducat in the amount of at least **$157,971.15** ($77,971.15 unpaid Charterparty expenses, and a further estimated $80,000 for attorneys' fees, costs, interests, and the costs of London maritime arbitration including arbitrators' fees).

      B.    That, in response to Count II, as Ducat cannot be found within this District and pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment attaching all tangible or intangible property, or any funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Trieste's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

      C.    That such person over 18 years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve Process of Maritime Attachment and Garnishment;

      D.    That upon Trieste obtaining full security as it demands in this Verified Complaint, this Court stay this action pending the outcome of the London maritime arbitration and recognize the award of that Arbitration, providing that the recognized award be paid all or in part from the security; and

      E.    That this Court award Trieste such other and further relief that this Court deems just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| **Of Counsel** | YOUNG CONAWAY STARGATT & TAYLOR LLP |
| J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle, Ste. 230<br>Baltimore, MD 21030<br>Telephone: (410) 783-5795<br>Facsimile: (410) 510-1789<br>jssimms@simmsshowers.com | _/s/ Timothy Jay Houseal_<br>Timothy Jay Houseal (Del. Bar ID No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6682<br>thouseal@ycst.com |

*Attorneys for Trieste Enterprises, Inc.*

Dated: April 19, 2024